JUDGE CROTTY

**07 CV 2911**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JESUS VARGAS,   07 Civ.    (   ) (   )

ECF CASE - 07 CV 2911 (PAC) (AJP)

Plaintiff,   <u>NOTICE OF REMOVAL</u>

- against -

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.,

Defendants.

RECEIVED
APR 11 2007
U.S.D.C. S.D.N.Y.
CASHIERS

----------------------------------------------------------------X

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

Defendant, FEDERAL EXPRESS CORPORATION ("FEDERAL EXPRESS"), pursuant to 28 U.S.C. §1441, states:

1. A civil action bearing Index No. 22230/06 has been instituted by plaintiff, Jesus Vargas, and is pending in the Supreme Court of the State of New York, Bronx County, in which FEDERAL EXPRESS and LEONARDO RODRIGUEZ are defendants.

2. Defendant FEDERAL EXPRESS was and is incorporated in the State of Delaware and at all relevant times has had its principal place of business in the State of Tennessee.

3. Upon information and belief, plaintiff JESUS VARGAS, individually, was and is a citizen and resident of the State of New York.

4. On or about April 4, 2007, Defendant FEDERAL EXPRESS became aware that defendant LEONARDO RODRIGUEZ resides in Orlando, Florida, and did so at the time this action was filed in October 2006.

5. Therefore, this action is between citizens of different states as defined by 28 U.S.C. §1332(a)(1).

6. In his Verified Complaint, plaintiff seeks damages in an amount of that exceeds the jurisdictional limits of all lower Courts and to be determined at the time of trial.

7. Therefore, the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332(a).

8. Thus, this court has original diversity jurisdiction and removal jurisdiction over this claim pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

9. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after defendant, FEDERAL EXPRESS, first ascertained that this action is one which is removable.

10. Copies of the Summons and Verified Complaint and Defendants' Verified Answer, which constitute all process and pleadings received and served by defendants FEDERAL EXPRESS and LEONARDO RODRIGUEZ, in this action, are collectively annexed hereto as Exhibit "A".

WHEREFORE, defendant FEDERAL EXPRESS CORPORATION gives notice that this action is removed from said state court to this court.

Dated: New York, New York
       April 11, 2007

ANTHONY W. ECKERT III, ESQ.

By: _____
Anthony W. Eckert III (AWE-7949)
Attorney for Defendants
Federal Express Corporation and
Leonardo Rodriguez
555 Fifth Avenue
15th Floor
New York, NY 10017
(212) 922-0450

TO: DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff
352 Seventh Avenue
Suite 1500
New York, New York 10001
(212) 631-7442

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
JESUS VARGAS,

          Plaintiff,

          -against-

LEONARDO RODRIGUEZ and FEDERAL EXPRESS
CORP.,

          Defendants.
---------------------------------------------------------------X

Index No.: 22230-06
Date Purchased
**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
854 Hunts Point Avenue
Apt. 2D,
Bronx, NY 10474
County of Bronx

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
            October 17, 2006

_____
DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff(s)
JESUS VARGAS
352 Seventh Avenue, Suite 1500
New York, New York 10001
(212) 631-7442

TO:

LEONARDO RODRIGUEZ
414 E. 204th Street
Apt. 9J
Bronx, NY 10467

FEDERAL EXPRESS CORP.
900 Midlantic Drive
Mount Laurel, NJ 08054

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF BRONX  
---------------------------------------------------------------X  
JESUS VARGAS,

      Plaintiff,

   -against-

LEONARDO RODRIGUEZ and FEDERAL EXPRESS CORP.,

      Defendants.  
---------------------------------------------------------------X

Index No.: 22230-06  
Date Purchased:

**VERIFIED COMPLAINT**

    Plaintiff, by his attorneys, **DON A. CARLOS, JR., ESQ.**, complaining of the Defendants, respectfully alleges, upon information and belief:

    1. At all times herein mentioned, Plaintiff **JESUS VARGAS** was, and still is a resident of the County of Bronx, State of New York.

    2. At all time herein mentioned, Defendant **FEDERAL EXPRESS CORP.** was, and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3. At all time herein mentioned, Defendant **LEONARDO RODRIGUEZ** was, and still is a resident of the County of Bronx, State of New York.

    4. At all times herein mentioned, and on October 23, 2003, Defendant **FEDERAL EXPRESS CORP.** owned a motor vehicle bearing New York license plate number 18271AB.

    5. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated the aforesaid motor vehicle.

    6. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **FEDERAL EXPRESS CORP.**.

    7. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO**

RODRIGUEZ operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **FEDERAL EXPRESS CORP.**.

8. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **FEDERAL EXPRESS CORP.**.

9. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated said motor vehicle bearing license plate number 18271AB, NY within the scope of his employment with Defendant FEDERAL EXPRESS CORP..

10. At all times herein mentioned, and on OCTOBER 23, 2003, Defendant **FEDERAL EXPRESS CORP.** maintained the aforesaid motor vehicle.

11. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** maintained said motor vehicle.

12. At all times herein mentioned, and on October 23, 2003, Defendant **FEDERAL EXPRESS CORP.** managed the aforesaid motor vehicle.

13. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** managed the aforesaid motor vehicle.

14. At all times herein mentioned, and on October 23, 2003, Defendant **FEDERAL EXPRESS CORP.** controlled the aforesaid motor vehicle.

15. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** controlled the aforesaid motor vehicle.

16. That on October 23, 2003, Hunts Point Avenue at or near its intersection with Garrison, County of Bronx, State of New York, were public thoroughfares.

17. That on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated and controlled said motor vehicle at or about the above-mentioned location.

18. That on October 23, 2003, Plaintiff **JESUS VARGAS** was a lawful pedestrian at the above-mentioned location.

19. That on October 23, 2003 at the aforementioned location, the motor vehicle owned by **FEDERAL EXPRESS CORP.** and operated by Defendant **LEONARDO RODRIGUEZ** came into contact with the Plaintiff **JESUS VARGAS** at the above-mentioned location.

20. That as a result of the aforesaid contact, Plaintiff **JESUS VARGAS** was injured.

21. That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

22. Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

23. That Plaintiff **JESUS VARGAS** sustained serious injuries as defined by 5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by 5104 of the Insurance Law of the State of New York.

24. That this action falls within one or more of the exceptions set forth in CPLR 1602.

25. That by reason of the foregoing, Plaintiff **JESUS VARGAS** was damaged in a sum

which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   New York, New York
         October 17, 2006

Yours, etc.

_____
DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff(s)
JESUS VARGAS
352 Seventh Avenue, Suite 1500
New York, New York 10001
(212) 631-7442

## ATTORNEY'S VERIFICATION

**DON A. CARLOS, JR.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DON A. CARLOS, JR., ESQ., attorneys of record for Plaintiff(s),

**JESUS VARGAS.** I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:      New York, New York
            October 17, 2006

_____
DON A. CARLOS, JR.

5

UNITED LAWYERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
JESUS VARGAS,

                               Plaintiff,

- against -

LEONARDO RODRIGUEZ and FEDERAL EXPRESS
CORP.,

                               Defendants.
-----------------------------------------------------------------X

Index No. 22230-06

**VERIFIED ANSWER**

Defendants, FEDERAL EXPRESS CORPORATION and LEONARDO RODRIGUEZ (collectively hereinafter referred to as "Defendants"), by their attorney, ANTHONY W. ECKERT, III, ESQ., as and for their Verified Answer to the Verified Complaint, allege as follows:

### AS AND FOR AN ANSWER TO
### THE FIRST CAUSE OF ACTION

FIRST:    Deny information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1", "3" and "16" of the Verified Complaint herein.

SECOND:    Deny the allegations set forth in paragraphs "2", "4", "11", "13", "15", "18", "19", "20", "21", "22", "23", "24" and "25" of the Verified Complaint herein.

THIRD:    Deny the allegations set forth in pargraphs "5", "6", "7", "8", "9", "10", "12", "14" and "17" of the Verified Complaint herein and refer all questions of law to the Court for determination.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANTS

FOURTH:    If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendants expressly deny, such damages were caused in whole or in part by plaintiff's negligence, culpable conduct, or assumption of risk, and to the extent of her culpability, plaintiff is barred from recovery or, alternatively, shall have her damages reduced in the proportion that her culpable conduct bears to all conduct causing or contribution to such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANTS

FIFTH:    If plaintiff sustained or suffered damages as alleged in the Verified Complaint, which Defendants expressly deny, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Defendants exercised no control or supervision, and not by reason of any culpable conduct of Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANTS

SIXTH:    Plaintiff did not sustain serious and permanent injuries as defined by Section 5102 of the Insurance Law of the State of New York, and her exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A FOURTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

SEVENTH:   Plaintiff's action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A FIFTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

EIGHTH:   Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR §4545.

### AS AND FOR A SIXTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

NINTH:   The Verified Complaint fails to state a cause of action against Defendant upon which relief may be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

TENTH:   Plaintiff's injuries were caused in whole or in part by her own negligence and, accordingly, her claim is barred or reduced by the applicable state law of comparative negligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

ELEVENTH:   Defendant asserts that this case falls within the limited liability provisions of section 1601 of the Civil Practice Law and Rules, and that the Defendant's liability for non-

economic loss, if any, shall be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR A NINTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

TWELFTH:   Plaintiff's claims are barred and/or diminished in that plaintiff was not wearing a seatbelt at the time and place of the incident described in plaintiff's Verified Complaint. That any damages, injury and/or injuries sustained by plaintiff were caused in whole or in part by the failure of plaintiff to use seatbelts and/or other safety restraint devices which would have avoided or mitigated plaintiff's damages, and the amount of damages found, if any, are to be apportioned among the plaintiff and the Defendants according to the degree of responsibility that each is found to have in the occurrence in proportion to the entire responsibility of the occurrence.

### AS AND FOR A TENTH AFFIRMATIVE
### DEFENSE ON BEHALF OF DEFENDANTS

THIRTEENTH:   That the Court does not have jurisdiction over the person of the Defendants herein, in that the Summons and Verified Complaint were not personally served upon the Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### DEFENSE ON BEHALF OF DEFENDANTS

FOURTEENTH:   The plaintiff has failed to use all available means to mitigate damages.

## AS AND FOR TWELFTH AFFIRMATIVE DEFENSE
### DEFENSE ON BEHALF OF DEFENDANTS

<u>FIFTEENTH</u>:   Plaintiff's causes of action are time-barred pursuant to the applicable Statute of Limitations.

**WHEREFORE,** Defendants Federal Express Corporation and Leonardo Rodriguez demand judgment dismissing plaintiff's Verified Complaint herein, together with costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 31, 2007

                                    Yours, etc.

                                    ANTHONY W. ECKERT, III, ESQ.


                                    By: _____
                                         Anthony W. Eckert, III
                                    **Attorney for Defendants**
                                    90 Park Avenue, 18th Floor
                                    New York, NY 10016
                                    (212) 455-9249


TO:   DON A. CARLOS, JR., ESQ.
      Attorneys for Plaintiff
      352 Seventh Avenue
      Suite 1500
      New York, New York 10001
      (212) 631-7442

-5-

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

**ANTHONY W. ECKERT, III**, an attorney admitted to practice in the State of New York, affirms:

I am the attorney of record for defendants FEDERAL EXPRESS CORPORATION and LEONARDO RODRIGUEZ in the within action. I have read the foregoing Verified Answer and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

I further state that the reason this Verification is made by me and not by said defendant is because said party do not reside in New York County, where my office is located.

The grounds of my belief as to all matters not stated to be upon my knowledge, are investigative materials contained in my file and conversations with said defendant.

I affirm that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       January 31, 2007

_____
Anthony W. Eckert, III

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK   )

      Yvette Morales, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Kings County.

      On the **31st** day of **January 2007**, deponent served the within **VERIFIED ANSWER** upon:

>  DON A. CARLOS, JR., ESQ.
>  Attorneys for Plaintiff
>  352 Seventh Avenue
>  Suite 1500
>  New York, New York 10001

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                 _____
                                                    Yvette Morales

Sworn to before me this
31st day of January, 2007

_____
Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4956526
Qualified in New York County
Commission Expires Dec. 9, 20__

Index No.   22230-06                                                                                  Year 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JESUS VARGAS,

                                    Plaintiff,

- against -

LEONARDO RODRIGUEZ and FEDERAL EXPRESS CORP.,

                                    Defendants.

---

### VERIFIED ANSWER

---

ANTHONY W. ECKERT, III, ESQ.
Attorney at Law
Attorney for Defendants
90 Park Avenue
18th Floor
New York, New York 10016
Telephone   (212) 455-9249
Facsimile    (212) 455-9251



---

TO:     DON A. CARLOS, JR., ESQ.
        Attorneys for Plaintiff
        352 Seventh Avenue
        Suite 1500
        New York, New York 10001
        (212) 631-7442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JESUS VARGAS,                                           07 Civ. 2911 ( PAC ) (AJP)

                           Plaintiff,       **AFFIDAVIT OF
                                                         SERVICE BY MAIL**

  - against -

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.,

                          Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        Yvette Morales, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Kings County.

        On the 11th day of **April, 2007**, deponent served the within **NOTICE OF REMOVAL** upon:

                DON A. CARLOS, JR., ESQ.
                Attorneys for Plaintiff
                352 Seventh Avenue
                Suite 1500
                New York, New York 10001

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                      _____
                                                           Yvette Morales

Sworn to before me this
11th day of April, 2007.

_____
Notary Public