UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :   07 Civ. 2911(PAC)(AJP)
JESUS VARGAS,                                                     :
                                                                  :   AFFIDAVIT OF
                              Plaintiff,                          :   ANTHONY W. ECKERT III
                                                                  :
    -against-                                                     :
                                                                  :
LEONARDO RODRIGUEZ                                                :
    and FEDERAL EXPRESS CORP.,                                    :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

STATE OF NEW YORK   )
                    : SS.
COUNTY OF NEW YORK  )

ANTHONY W. ECKERT III, having been duly sworn, deposes and says:

1.  I represent defendants FEDERAL EXPRESS CORPORATION and LEONARDO RODRIGUEZ, in this action and, as such, am personally familiar with the facts and circumstances set forth herein.

2.  This Affidavit is respectfully submitted in support of defendants' opposition to plaintiff's motion to remand.

3.  Upon information and belief, plaintiff commenced this action by filing a Summons and Verified Complaint on or about October 17, 2006, copies of which are annexed hereto as Exhibit "A". Plaintiff served defendant FEDERAL EXPRESS through its agent, the New York Secretary of State, on or about December 11, 2006.

4.  Plaintiff then attempted to serve defendant LEONARDO RODRIGUEZ at 414 East 204th Street, Bronx, New York, his former residence. Plaintiff utilized "nail and mail" as a method of service and left copies of the Summons and Complaint at 204th Street address on

December 14, 2006. Plaintiff's Complaint states that defendant RODRIGUEZ "was and still is a resident of the Bronx." See Complaint, para. 3. Apparently, plaintiff did not confirm whether defendant RODRIGUEZ was still residing in the Bronx.

5. On behalf of both defendants FEDERAL EXPRESS and RODRIGUEZ, the undersigned interposed an Answer which included the affirmative defense of lack of personal jurisdiction on January 31, 2007. A copy of Defendants' Answer is annexed hereto as Exhibit "B".

6. Based upon the allegation and information contained in the Complaint, it did not appear that the case removable, namely because the residence of defendant RODRGUEZ was alleged to be within New York State.

7. My office attempted to contact defendant RODRIGUEZ concerning the action and our representation of him, however, we were unable to locate him at the Bronx address listed in the Complaint.

8. I also checked with FEDERAL EXPRESS, but RODRIGUEZ last worked for FEDERAL EXPRESS on January 21, 2004, and the company's records reflected the Bronx address where RODRIGUEZ lived at the time he worked for the company.

9. Accordingly, I thereafter hired a private investigator who located RODRIGUEZ in Orlando, Florida. My investigator sent me a report to that effect on April 4, 2007.

10. Upon determining that diversity jurisdiction existed, I immediately removed the case to this Court within the thirty day period specified by 28 U.S.C. §1446(b).

11. The Notice of Removal filed on behalf of the FEDERAL EXPRESS defendants was timely filed within the thirty day period. In accordance with §1446(b), I ascertained that the

case is one which was removable on April 4, 2007, and removed the case on April 11, 2007. A copy of the Notice of Removal is annexed hereto as Exhibit "C".

12. The only reason I did not remove the action simultaneously with the filing of the Answer was because at that time it was not known that defendant RODRIGUEZ was living in Florida.

13. I was unaware that the allegations in the Complaint concerning defendant RODRIGUEZ's residency were incorrect.

14. As is more fully set forth in the accompanying Memorandum of Law, plaintiff's motion to remand is based upon an incorrect interpretation of 28 U.S.C. §1446(b). Plaintiff states that the case had to be removed "within thirty days of the completion of service" [of process]. This is completely contrary to the clear language of §1446(b) which provides that a notice of removal may be filed within thirty days after it has been "first ascertained that the case is one which is or has become removable."

WHEREFORE, it is respectfully requested that the Court deny plaintiff's motion to remand because the removal in this case was proper and for such other relief as this Court may deem just and proper.

_____
Anthony W. Eckert III

Sworn to before me this
16th day of May, 2007.

_____
Notary Public

NICHOLAS E. PANTELOPOULOS
Notary Public, State of New York
No. 02PA4988309
Qualified in Westchester County
Commission Expires Nov. 4, 20__09

3

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF NEW YORK   )

Yvette Morales, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Kings County.

On the **16th** day of **May, 2007**, deponent served the within **AFFIDAVIT OF ANTHONY W. ECKERT, III** upon:

> Lloyd Katz, Esq.
> Carlos & Katz, Esqs.
> 352 Seventh Avenue
> Suite 409
> New York, NY 10001

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Yvette Morales

Sworn to before me this
16th day of May, 2007.

_____
Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4989528
Qualified in New York County
Commission Expires Dec. 9, 2009