Exhibit C
Part 1 of 2

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 2911

------------------------------------------------------------X

JESUS VARGAS,

                                              Plaintiff,

07 Civ.   ( )( )

**ECF CASE - 07 CV 2911 (PAC) (AJP)**
**NOTICE OF REMOVAL**

- against -

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.,

                                               Defendants.

RECEIVED
APR 1 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------X

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

      Defendant, FEDERAL EXPRESS CORPORATION ("FEDERAL EXPRESS"), pursuant to 28 U.S.C. §1441, states:

      1.     A civil action bearing Index No. 22230/06 has been instituted by plaintiff, Jesus Vargas, and is pending in the Supreme Court of the State of New York, Bronx County, in which FEDERAL EXPRESS and LEONARDO RODRIGUEZ are defendants.

      2.     Defendant FEDERAL EXPRESS was and is incorporated in the State of Delaware and at all relevant times has had its principal place of business in the State of Tennessee.

      3.     Upon information and belief, plaintiff JESUS VARGAS, individually, was and is a citizen and resident of the State of New York.

      4.     On or about April 4, 2007, Defendant FEDERAL EXPRESS became aware that defendant LEONARDO RODRIGUEZ resides in Orlando, Florida, and did so at the time this action was filed in October 2006.

5. Therefore, this action is between citizens of different states as defined by 28 U.S.C. §1332(a)(1).

6. In his Verified Complaint, plaintiff seeks damages in an amount of that exceeds the jurisdictional limits of all lower Courts and to be determined at the time of trial.

7. Therefore, the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332(a).

8. Thus, this court has original diversity jurisdiction and removal jurisdiction over this claim pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

9. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after defendant, FEDERAL EXPRESS, first ascertained that this action is one which is removable.

10. Copies of the Summons and Verified Complaint and Defendants' Verified Answer, which constitute all process and pleadings received and served by defendants FEDERAL EXPRESS and LEONARDO RODRIGUEZ, in this action, are collectively annexed hereto as Exhibit "A".

WHEREFORE, defendant FEDERAL EXPRESS CORPORATION gives notice that this action is removed from said state court to this court.

Dated: New York, New York
       April 11, 2007

ANTHONY W. ECKERT III, ESQ.

By: _____
Anthony W. Eckert III (AWE-7949)
Attorney for Defendants
Federal Express Corporation and
Leonardo Rodriguez
555 Fifth Avenue
15th Floor
New York, NY 10017
(212) 922-0450

TO: DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff
352 Seventh Avenue
Suite 1500
New York, New York 10001
(212) 631-7442

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
JESUS VARGAS,

        Plaintiff,

     -against-

LEONARDO RODRIGUEZ and FEDERAL EXPRESS
CORP.,

        Defendants.
---------------------------------------------------------------X

Index No.: 22230-06
Date Purchased
**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
854 Hunts Point Avenue
Apt. 2D
Bronx, NY 10474
County of Bronx

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
           October 17, 2006

_____
DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff(s)
JESUS VARGAS
352 Seventh Avenue, Suite 1500
New York, New York 10001
(212) 631-7442

TO:

LEONARDO RODRIGUEZ
414 E. 204th Street
Apt. 9J
Bronx, NY 10467

FEDERAL EXPRESS CORP.
900 Midlantic Drive
Mount Laurel, NJ 08054

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
JESUS VARGAS,

        Plaintiff,

    -against-

LEONARDO RODRIGUEZ and FEDERAL EXPRESS
CORP.,

        Defendants.
----------------------------------------------------------------X

Index No.: 22230-06
Date Purchased:

VERIFIED COMPLAINT

    Plaintiff, by his attorneys, **DON A. CARLOS, JR., ESQ.**, complaining of the Defendants, respectfully alleges, upon information and belief:

1. At all times herein mentioned, Plaintiff **JESUS VARGAS** was, and still is a resident of the County of Bronx, State of New York.

2. At all time herein mentioned, Defendant **FEDERAL EXPRESS CORP.** was, and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. At all time herein mentioned, Defendant **LEONARDO RODRIGUEZ** was, and still is a resident of the County of Bronx, State of New York.

4. At all times herein mentioned, and on October 23, 2003, Defendant **FEDERAL EXPRESS CORP.** owned a motor vehicle bearing New York license plate number 18271AB.

5. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated the aforesaid motor vehicle.

6. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO RODRIGUEZ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **FEDERAL EXPRESS CORP.**.

7. At all times herein mentioned, and on October 23, 2003, Defendant **LEONARDO**

RODRIGUEZ operated the aforesaid motor vehicle with the knowledge of its owner, Defendant FEDERAL EXPRESS CORP..

8. At all times herein mentioned, and on October 23, 2003, Defendant LEONARDO RODRIGUEZ operated the aforesaid motor vehicle with the consent of its owner, Defendant FEDERAL EXPRESS CORP..

9. At all times herein mentioned, and on October 23, 2003, Defendant LEONARDO RODRIGUEZ operated said motor vehicle bearing license plate number 18271AB, NY within the scope of his employment with Defendant FEDERAL EXPRESS CORP..

10. At all times herein mentioned, and on OCTOBER 23, 2003, Defendant FEDERAL EXPRESS CORP. maintained the aforesaid motor vehicle.

11. At all times herein mentioned, and on October 23, 2003, Defendant LEONARDO RODRIGUEZ maintained said motor vehicle.

12. At all times herein mentioned, and on October 23, 2003, Defendant FEDERAL EXPRESS CORP. managed the aforesaid motor vehicle.

13. At all times herein mentioned, and on October 23, 2003, Defendant LEONARDO RODRIGUEZ managed the aforesaid motor vehicle.

14. At all times herein mentioned, and on October 23, 2003, Defendant FEDERAL EXPRESS CORP. controlled the aforesaid motor vehicle.

15. At all times herein mentioned, and on October 23, 2003, Defendant LEONARDO RODRIGUEZ controlled the aforesaid motor vehicle.

16. That on October 23, 2003, Hunts Point Avenue at or near its intersection with Garrison, County of Bronx, State of New York, were public thoroughfares.

17. That on October 23, 2003, Defendant LEONARDO RODRIGUEZ operated and controlled said motor vehicle at or about the above-mentioned location.

18. That on October 23, 2003, Plaintiff JESUS VARGAS was a lawful pedestrian at the above-mentioned location.

19. That on October 23, 2003 at the aforementioned location, the motor vehicle owned by FEDERAL EXPRESS CORP. and operated by Defendant LEONARDO RODRIGUEZ came into contact with the Plaintiff JESUS VARGAS at the above-mentioned location.

20. That as a result of the aforesaid contact, Plaintiff JESUS VARGAS was injured.

21. That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

22. Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

23. That Plaintiff JESUS VARGAS sustained serious injuries as defined by 5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by 5104 of the Insurance Law of the State of New York.

24. That this action falls within one or more of the exceptions set forth in CPLR 1602.

25. That by reason of the foregoing, Plaintiff JESUS VARGAS was damaged in a sum

which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:     New York, New York
October 17, 2006

Yours, etc.

_____
DON A. CARLOS, JR., ESQ.
Attorneys for Plaintiff(s)
JESUS VARGAS
352 Seventh Avenue, Suite 1500
New York, New York 10001
(212) 631-7442

## ATTORNEY'S VERIFICATION

DON A. CARLOS, JR., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DON A. CARLOS, JR., ESQ., attorneys of record for Plaintiff(s),

JESUS VARGAS. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:    New York, New York
          October 17, 2006

_____
DON A. CARLOS, JR.

5