UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                      :

JESUS VARGAS,                                 07 Civ. 2911(PAC)(AJP)

                              Plaintiff,    :

                                        :

    -against-                              

                                        :

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.       :

                           Defendants.   :
------------------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO REMAND

## PRELIMINARY STATEMENT

Defendants FEDERAL EXPRESS CORPORATION and LEONARDO RODRIGUEZ, by their attorney in this action, Anthony W. Eckert III, respectfully submit this Memorandum of Law in Opposition to plaintiff's Motion to Remand this case to state court. The Notice of Removal in this case was timely filed within the thirty day period prescribed by 28 U.S.C. §1446(b) because the FEDERAL EXPRESS defendants immediately removed this action after it was revealed that federal diversity jurisdiction existed and that the case was subject to removal.

## FACTS

This action arises out of a motor vehicle accident which occurred on or about October 23, 2003, when plaintiff was allegedly struck by a FEDERAL EXPRESS vehicle driven by FEDERAL EXPRESS courier LEONARDO RODRIGUEZ. See Exhibit A to the Affirmation of Anthony W. Eckert III, dated May 15, 2007 ("Eckert Aff.").

On or about October 17, 2006, plaintiff commenced this action by filing a Summons and Verified Complaint seeking damages for alleged personal injuries. See Exhibit A, Eckert Aff. Upon information and belief, plaintiff served defendant FEDERAL EXPRESS through its agent, the New York Secretary of State, on or about December 11, 2006. Plaintiff then attempted to serve defendant RODRIGUEZ at 414 East 204th Street, Bronx, New York, his former residence.

In doing so, plaintiff utilized CPLR 308(4), the "nail and mail" provision[1], and purportedly left copies of the Summons and Complaint at the 204th Street address on December

---

[1] Although not addressed in this motion, the validity of the "nail and mail" method of service is subject to dispute because the address at which the summons and complaint were "nailed and mailed" was not RODRIGUEZ's actual "dwelling place" within the requirements of CPLR 308(4). Thomas v. Maloney, 289 A.D.2d 222, 734 N.Y.S.2d 467, 468 (2d Dep't 2001).

14, 2006.  Apparently, plaintiff did not confirm whether plaintiff was still residing in the Bronx inasmuch as defendant RODRIGUEZ had moved to Orlando, Florida, in October 2004, and was living in Florida at the time this action was commenced.  See Affidavit of Leonardo Rodriguez, sworn May 10, 2007 ("Rodriguez Aff."), ¶¶ 4, 5.   Defendant RODRIGUEZ has not been an employee of FEDERAL EXPRESS since January 21, 2004.  See Rodriguez Aff., ¶¶ 1, 3.

Upon receiving the Summons and Complaint from corporate defendant FEDERAL EXPRESS, attorneys for FEDERAL EXPRESS interposed an Answer on behalf of both defendants on January 31, 2007.  See Exhibit B, Eckert Aff.  The Answer included the affirmative defense of lack of personal jurisdiction because it had not been confirmed whether defendant RODRGUEZ had even been served with the Summons and Complaint at that point in time.  Based upon the allegations contained in plaintiff's Complaint, the case was not subject to removal, namely because the residence of defendant RODRIGUEZ was alleged to be in New York.  Thus, according to plaintiff's initial pleading, federal diversity jurisdiction did not exist according to the four corners of the Complaint.

After serving the Answer, FEDERAL EXPRESS' attorneys continued their attempts to contact defendant RODRIGUEZ concerning the action, but were unable to locate him at the Bronx address listed in the Complaint. Eckert Aff., ¶¶ 7, 8.  Accordingly, the FEDERAL EXPRESS attorneys hired a private investigator to find defendant RODRIGUEZ who had not been in FEDERAL EXPRESS' employ since January, 2004. Eckert Aff., ¶ 9.

On April 4, 2007, the FEDERAL EXPRESS attorneys received notification in a report from the investigator which disclosed that defendant RODRGUEZ was residing in Orlando, Florida and had been there since October 2004. Eckert Aff., ¶¶ 8, 9. Thus, at the time this action

was commenced in October, 2006, defendant RODRIGUEZ was a resident of Orlando, Florida. Upon determining that diversity jurisdiction existed on the basis of this new information, the FEDERAL EXPRESS attorneys immediately removed the case to federal court on April 11, 2007. Eckert Aff. ¶ 10.

Thus, although the initial pleading, the Complaint, was not removable on its face, the Notice of Removal was timely filed by the FEDERAL EXPRESS defendants within thirty days of learning that this action was subject to federal court diversity jurisdiction in accordance with 28 U.S.C. §1446(b).

**ARGUMENT**

**THE REMOVAL OF THIS ACTION TO FEDERAL COURT
WAS PROPER AND COMPLIED WITH THE REQUIREMENTS
PROMULGATED BY 28 U.S.C. §1446(b)**

Courts have universally recognized that if the initial pleading filed in a case does not disclose that the action is subject to federal jurisdiction and, therefore, removable as a matter of law, that that the time to remove will then commence only when the facts establishing federal jurisdiction are manifested to the defendant. See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 204 (2d Cir. 2001)(defendant must receive adequate information from which removability can be ascertained); Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005); Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997); Johnson v. Spirit Airlines, 2007 WL 1352148, *3 (E.D.N.Y. May 8, 2007); Fee v. Wal-Mart Stores, 2006 WL 3149366, *3 (D. Nev. Nov. 2, 2006).

The federal statute governing procedures for removal, 28 U.S.C. §1446(b), specifically sets forth *two* separate time periods for removing an action to federal court – each triggered by a specific and distinct event. Notwithstanding and in moving for remand, plaintiff completely ignores this well settled tenet of federal jurisdiction and bases this motion to remand on an erroneous interpretation of the requirements and clear language of 28 U.S.C. §1446(b).

Plaintiff unequivocally states, without any legal support whatsoever, that removal was untimely because "the case had to be removed within thirty days of the completion of service [of process]." See Affidavit of Lloyd Katz, sworn May 1, 2007, ¶ 8. This statement is fundamentally incorrect and misconstrues the specific dictates of the statute. In postulating this argument,

plaintiff conveniently ignores that §1446(b) provides two separate and distinct thirty day time periods for removal. The second of which is directly applicable to the facts at hand. Indeed, even after the initial thirty day period has expired, a case remains removable if and when it becomes apparent to the defendant that the case meets the requirements of federal jurisdiction. The clear and unambiguous language of §1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . .

According to 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after the defendant receives the initial pleading setting forth the claim, however, if the allegations contained in the initial pleading do not disclose its removability, the second time period of §1446(b) becomes operative. This second opportunity to remove is triggered upon the defendant's objective awareness that the case is removable as evidenced by the receipt of a document, such as an amended pleading, motion, order or *other paper* which reveals the federal nature of the court's jurisdiction. See <u>DeMarco v. MGM Transport</u>, 2006 WL 463504, *2 (E.D.N.Y. Feb. 24, 2006); <u>see also</u> <u>Harris</u>, 425 F.3d at 694-95.

Defendants in state court actions have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction ... to the district court ... embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a). Complete diversity between all plaintiffs and defendants is required to

remove a case on the basis of diversity jurisdiction. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Strawbridge v. Curtis, 7 U.S. 267, 268 (1806). The defendant must be able to determine whether the parties are all diverse based upon the information provided.

"Notice of removability under §1446(b) is determined based on "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694-95. The ability to remove a case from state to federal court does not hinge on what the defendant knows or should have known at the time the initial pleading was served, rather, the determination is based on the information contained in the initial pleading. Thus, the second thirty day period was specifically aimed at protecting those defendants who, based upon the initial pleading, may not yet know that their case is subject to federal court jurisdiction. Harris, 425 F.3d at 694; Lovern, 121 F.3d at 162.

Courts have consistently affirmed these principles and, in doing so, have strictly construed the language of §1446(b). For example, in Harris v. Bankers Life and Casualty Co., the issue before the court was whether the defendant bears the burden of investigating the necessary jurisdictional facts within the first thirty days after receiving the initial pleading, in order to avoid waiving the opportunity to remove the case.

Plaintiff argued that defendant had waived removal because the thirty day period had expired. Defendant countered that the complaint alleged the party's former residence, not his current citizenship and was, therefore, inadequate as to federal jurisdiction such that the thirty day period had not commenced.

The Court held that the thirty day time period in which a defendant must remove a case starts to run upon the defendant's receipt of the initial pleading *only* if the pleading affirmatively

reveals on its face a basis for removal. However, the defendant's subjective knowledge cannot

trigger commencement of the limitations period, and, thus, defendant does not have a duty to

make further inquiry if the initial pleading is indeterminate as to removability. 425 F.3d at 692,

695. The Court recognized that the second period of time for removal had been triggered:

> Thus, the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers, revealing the grounds for removal for the first time. **It thus appears that the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint.**

425 F.3d at 695 (emphasis added). Other courts have followed the Harris court's rationale and,

in doing so, have relied upon the plain language of §1446(b):

> [t]he second thirty-day removal applies when the case stated by the initial pleading is not removable because there are details that are omitted, obscured, or misstated. A defendant will then have thirty days from the revelation of grounds for removal in an amended pleading, motion, or order, or other paper to file its notice of removal. **The statute does not preclude defendants from removing a case when the facts disclosing the grounds for removal were not adequately stated in the complaint.**

Fee v. Wal-Mart Stores, 2006 WL 3149366, *3 (D. Nev. Nov. 2, 2006) (citing Harris,

425 F.3d at 695)(emphasis added) Similarly, the Lovern court held:

> We conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within the 30 days. Where, however, such details are obscured or omitted, or indeed, misstated, that circumstance makes the case stated by the initial pleading not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading motion, or other paper to file its notice of removal.

See Lovern, 121 F.3d at 162 (quoted in Harris, 425 F.3d at 694). Accordingly, federal

jurisdiction of the case may exist from the inception of the case, but the time to remove only

starts to run when the facts establishing federal jurisdiction are objectively manifested to the defendant. Even "the legislative history reflects a clear concern for ensuring that a defendant 'know what the suit is about before triggering the removal clock.'" Whitaker, 261 F.3d at 204 (quoting Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)).

The facts of this case fit squarely within the above cases. Here, defendant FEDERAL EXPRESS did not remove within thirty days of receiving the initial pleading because, based upon the four corners of the Complaint, the case was not removable. Because plaintiff had incorrectly alleged that defendant RODRIGUEZ resided in New York, diversity jurisdiction did not exist.

After it was revealed in the report of FEDERAL EXPRESS' investigator that defendant RODRIGUEZ lived in Florida at the time that the action was commenced and that the case, in fact, was removable, the FEDERAL EXPRESS defendants, without hesitation, removed the action. Thus, despite the fact that federal jurisdiction was not evidenced by the initial pleading, other documents later evinced the existence of diversity jurisdiction and that removal was proper. This situation is exactly what is contemplated by the second time period provided by §1446(b).

Plaintiff's entire argument in favor of removal is belied by the unambiguous language of §1446(b). Plaintiff essentially urges this court to adopt a rule where the first thirty day period should apply regardless of whether the allegations in the Complaint are accurate. To accept such reasoning would place an unreasonable burden on defendants to determine removability within the first thirty days of receiving the initial pleading.

This case was not removable on the face of the Complaint which did not reveal information to trigger removal based upon diversity of citizenship. This case <u>did</u> become removable on April 4, 2007, the date on which the facts regarding defendant RODRIGUEZ's Florida residence were revealed to FEDERAL EXPRESS.

Thus, because the case was removed on April 11, 2007, the requirements of §1446(b) have been satisfied and the Motion to Remand should be denied as a matter of law.

## CONCLUSION

**WHEREFORE,** Defendants respectfully request that the Court enter an Order denying plaintiff's motion to remand, and granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      May. 16, 2007

Respectfully submitted,

By:_____

     Anthony W. Eckert III, Esq. (AWE-7949)
     Attorney for Defendants
     FEDERAL EXPRESS CORPORATION and
     LEONARDO RODRIGUEZ
     555 Fifth Avenue, 15th Floor
     New York, New York 10017
     (212) 922-0450

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

        Yvette Morales, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Kings County.

        On the **16**[th] day of **May, 2007**, deponent served the within **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REMAND** upon:

        Lloyd Katz, Esq.
        Carlos & Katz, Esqs.
        352 Seventh Avenue
        Suite 409
        New York, NY 10001

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                          Yvette Morales

Sworn to before me this
16th day of May, 2007.

Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4989528
Qualified in New York County
Commission Expires Dec. 9, 2009