UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JESUS VARGAS,                                    07 Civ. 2911 (PAC) (AJP)

                Plaintiff,

- against –

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.,

                Defendants.
-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO REMAND**

## PRELIMINARY STATEMENT

Plaintiff JESUS VARGAS by his attorney in this action, Lloyd A. Katz, respectfully submits this memorandum of Law in Support of plaintiff's motion to remand this case back to state court. The basis of this application is the apparent untimeliness of the Notice of Removal dated April 11, 2007. It is respectfully submitted that the Notice of Removal is late pursuant to the provisions contained in 28 U.S.C.A. 1446.

It is respectfully submitted that the Notice of Removal had to be filed within 30 days of the completion of service, which would appear to have been upon the filing of the affidavits of service on the defendants with the office of the County Clerk, Bronx County on December 20, 2006, or at the very latest on or prior to interposing an Answer to the summons and complaint by counsel for both of the defendants, LEONARDO RODRIGUEZ and FEDERAL EXPRESS CORPORATION.

## FACTS

The within action arises from an incident occurring on October 23, 2003 when the plaintiff, JESUS VARGAS, a pedestrian, alleges to have sustained personal injuries when was struck by a vehicle owned by the defendant, FEDERAL EXPRESS CORP. and operated by the defendant LEONARDO RODRIGUEZ on Hunts Point Avenue at or near the intersection of Garrison Street, Bronx, New York.

A summons and verified complaint, attached as Exhibit "A" to the Affidavit of Mr. Eckert dated May 16, 2007, with venue being originally established in Supreme Court, Bronx County was filed with the County Clerk of Bronx County and thereafter was purportedly served upon the defendant, LEONARDO RODRIGUEZ.

A copy of what appears to be the police report for the subject incident is attached to the Affidavit of Lloyd A. Katz dated May 25, 2007 as Exhibit "A". It indicates the home address of the defendant, LEONARDO RODRIGUEZ, as 414 East 204th Street, Apt. 9J, Bronx, New York.

A summons and verified complaint, attached as Exhibit "A" to the Affidavit of Mr. Eckert dated May 16th, 2007 in support of defendants opposition to the instant application to remand, lists plaintiff's home address that is indicated on the aforesaid police report on the face of the summons.

Paragraph "3" of the aforesaid complaint states that "Plaintiff was and still is a resident of the Bronx".

Subsequently, your deponent's office received and answer on behalf of the defendant. Annexed as Exhibit "B" to the Affidavit of Mr. Eckert dated May 16th, 2007 in support of defendants opposition to the instant application to remand, is a

1

copy of the answer submitted on behalf of the defendants, FEDERAL EXPRESS CORP. and LEONARDO RODRIGUEZ.

The aforesaid Answer is dated January 31, 2007 and according to the date stamp thereon was filed with the Clerk of Bronx County on February 1, 2007.

## ARGUMENT

### DFENDANTS NOTICE OF REMOVAL IS UNTIMELY AND THEREFORE WAS NOT IN COMPLIANCE WITH THE REQUIREMENTS PROMULGATED BY 28 U.S.C. Section 1446(b)

It is respectfully submitted that the Notice of Removal is late pursuant to the provisions contained in 28 U.S.C.A. 1446 in that it had to be filed within 30 days of the completion of service which would appear to have been upon the filing of the affidavits of service on the defendants with the office of the County Clerk, Bronx County on December 20, 2006, in that certainly by the time the Answer was interposed on January 31, 2007, counsel should have been cognizant of his client's place of citizenship, particularly where defendants shared a prior relationship as employer and employee and defendants were represented by same attorney.

The Affidavit of the defendant, LEONARDO RODRIGUEZ, dated May 10, 2007, is silent as to when he purportedly moved from the address listed on the police report, other than he no longer lived there at the time of the purported service.

Attached to the Affidavit of Lloyd A. Katz dated May 25, 2007 is a copy of what is delineated "RECORD EXPANSION FOR RODRIGUEZ, LEONARDO" dated April 25, 2007, which lists his home address as the address on the police report.

In the case of <u>Praisler v Ryder Integrated Logistics, Inc. 417 F Supp 2d 917</u> (ND Ohio 2006), plaintiff's motion to remand defendants' second removal proceeding was granted because defendants were not allowed to calculate 30-day time period for removal proceedings from date of his client's deposition where he testified that he was citizen of another state; defendants should have been cognizant of his client's place of citizenship before it was disclosed in deposition, particularly where defendants shared relationship as employer and employee and defendants were represented by same attorney.

Plaintiff's motion to remand defendants' second removal proceeding was granted because defendants were not allowed to calculate 30-day time period for removal proceedings from date of his client's deposition where he testified that he was citizen of another state; defendants should have been cognizant of supervisor's place of citizenship before it was disclosed in deposition, particularly where defendants shared relationship as employer and employee and defendants were represented by same attorney.

The instant case is exactly the same as in Praiser, supra. in that the party defendant represented by counsel at the time or the interposition of an Answer ought not effectively be permitted to claim ignorance of the state of citizenship of that party and is what so clearly separates and distinguishes this fact pattern from the cases cited in opposition to the motion to remand.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the instant motion be granted, remanding the present action back to Supreme Court of the State of New York, County of Bronx, under Index number 22230/06 for disposition.

Dated: New York, New York
       May 25, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JESUS VARGAS,                                          07 Civ. 2911 (PAC) (AJP)

              Plaintiff,

- against --                                                   **MEMORANDUM OF LAW**

LEONARDO RODRIGUEZ
and FEDERAL EXPRESS CORP.,

              Defendants.

------------------------------------------------------------X

                                                           CARLOS & KATZ, ESQS.
                                                           LLOYD KATZ (LK-8498)
                                                            Attorney for Plaintiff
                                                           352 Seventh Avenue
                                                                   Suite 409
                                                         New York, New York 10001
                                                             (212) 631-7442



RECEIVED MAY 26 2007