UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JESUS VARGAS,

        Plaintiff,

  -against-

LEONARDO RODRIGUEZ and
FEDERAL EXPRESS CORP.,

        Defendants.
------------------------------------------------------------X

07 Civ. 2911 (PAC) (AJP)

ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 9 2007

HONORABLE PAUL A. CROTTY, United States District Judge:

This personal injury arises out of an alleged accident which occurred on October 23, 2003, when a Federal Express Corporation ("Fed Ex") truck, driven by its employee Leonardo Rodriguez ("Rodriguez"), hit a pedestrian Jesus Vargas ("Vargas") at the intersection of Hunts Point Avenue and Garrison in the Bronx.

Vargas commenced his action in Bronx Supreme Court on October 17, 2006. He alleged that Rodriguez was a resident of the Bronx.[1] Vargas effected service on Fed Ex on December 11, 2006. Fed Ex thereafter attempted to find Rodriguez who had left its employ in January, 2004. It retained a private investigator who located Rodriguez on April 4, 2007 in Orlando, Florida, where he had been living since October 2005. On April 11, 2007, Fed Ex filed a Notice of Removal on the grounds of the recently discovered diversity. Vargas timely moved to remand. The motion to remand is denied.

---

[1] Vargas did not personally serve Rodriguez. Instead, he "nailed and mailed" process to Rodriguez's last known address in the Bronx.

1

It is conceded that Fed Ex did not remove within 30 days after its receipt of the initial pleadings. 28 U.S.C. § 1446(b). When Fed Ex received the complaint in December, 2006 and filed its answer on January 21, 2007, diversity did not exist. Vargas alleged that Rodriguez was a citizen of the Bronx, and Fed Ex had no knowledge contrary to that allegation. Fed Ex acted with reasonable diligence, however, to find Rodriguez. Having found him in Florida, it ascertained that complete diversity now existed; and it immediately filed its Notice of Removal. This is sufficient to satisfy the requirement of the second paragraph of 28 U.S.C. § 1446(b), which provides that a Notice of Removal can be filed within 30 days after "it may be first ascertained that the case . . . has become removable." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("in a case not originally removable, a defendant who receives a pleading or other paper indicating the post commencement satisfaction of federal jurisdiction requirements . . . may remove the case to federal district court within 30 days of receiving such information.") Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001). (While defendant must "apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability.")

Vargas cites Praisler v. Ryder Integrated Logistics, Inc., 417 F. Supp. 2d 917 (N.D. Ohio 2006), for the proposition that Fed Ex should have known Rodriguez's location and filed its Notice of Removal promptly after it was served. That case is distinguishable, primarily because there was an on-going relationship between the corporate and individual defendants and both were represented by the same counsel.

Here, Rodriguez no longer worked for Federal Express and had not been working for the company for a number of years before the action was commenced. Also,

Rodriguez was not personally served nor could he be located. Although counsel undertook joint representation of both defendants as in Praisler, counsel here had no contact with Rodriguez before diversity was discovered. There simply was not a "close relationship" between the defendants, nor were there any indicia of "gamesmanship" as there was in Praisler. Also distinguishable is that Federal Express made timely, diligent efforts to ascertain whether the case was removable by locating Rodriguez (rather than proceeding with discovery). Once Rodriguez was located, and Federal Express realized there was diversity, it promptly removed the case within a week. In sum, Vargas points to no authority that suggests that remand is warranted.

## CONCLUSION

Plaintiff's motion for remand is DENIED. The Clerk of Court is directed to close out this motion.

Dated: New York, New York
July 9, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3